UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED T. AYOUB, an individual,
YAMASAKI ASSOCIATES, INC.,                     Case No.
a Michigan Corporation, and
YAMASAKI INTERNATIONAL, INC.,                  Honorable
a Michigan Corporation,

                Plaintiffs,

v                                              <u>COMPLAINT AND JURY DEMAND</u>

QATAR PETROLEUM,
a Qatari Corporation, and
QATAR FOUNDATION, a Qatari Corporation,
and BAYTUR INSAAT TAAHHUT A.S.,
a Turkish Corporation, ROBERT SZANTNER, an individual,
RSA DESIGN GROUP, LLC, a Michigan Limited Liability Company,
the ABU DHABI NATIONAL OIL COMPANY (ADNOC),  a corporation of the
United Arab Emirates.

                Defendants,

                Jointly and Severally.

_____/

NORTON T. GAPPY, P.C.
Norton T. Gappy (P64571)
Attorneys for Plaintiffs
3525 Rochester Road
Troy, Michigan 48083
(248) 524-1700
ngappy@gmail.com

_____/

<u>COMPLAINT</u>

THERE ARE NO OTHER PENDING OR RESOLVED CIVIL ACTION(S)
ARISING OUT OF THE TRANSACTION(S) OR OCCURRENCE(S)
<u>ALLEGED IN THE FOLLOWING COMPLAINT.</u>

1

NOW COME Plaintiffs, Ted T. Ayoub, Yamasaki Associates, Inc. and Yamasaki International, Inc., by and through their undersigned attorneys, Norton T. Gappy, P.C., and for their Complaint against Defendants, Qatar Petroleum, Qatar Foundation, and Baytur Insaat Taahhut A.S., Robert Szantner, RSA Design Group, LLC and the Abu Dhabi National Oil Company (ADNOC), jointly and severally, state more specifically as follows:

<u>PARTIES</u>

1. Ted T. Ayoub at all times relevant resides and worked in Oakland County, Michigan.

2. Plaintiff, Yamasaki Associates, Inc. ("YA"), at all times relevant, is/was a Michigan Corporation which has its principal place of business in Oakland County, Michigan.

3. Plaintiff, Yamasaki International, Inc. ("YI"), at all times relevant, is/was a Michigan Corporation which has its principal place of business in Oakland County, Michigan.

4. Defendant, Qatar Petroleum ("QP"), upon information and belief, is a Qatari Corporation formed under the laws of Qatar and is headquartered in Doha, Qatar, but at all times relevant, transacted a substantial, systematic and continued business in Michigan.

5. Defendant, Qatar Foundation ("QF"), upon information and belief, is a Qatari Corporation formed under the laws of Qatar and is headquartered in Doha, Qatar, but at all times relevant, transacted a substantial, systematic and continuous business in Michigan.

6. Defendant, Baytur Insaat Taahhut A.S. ("Baytur"), upon information and belief, is a Turkish corporation formed under the laws of Turkey and headquartered in Istanbul, Turkey, but at all times relevant, transacted substantial, systematic and continued business in Michigan.

NORTON T. GAPPY P.C.
Attorneys and Counselor
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

2

7. Robert Szantner ("Szantner") is an individual who resides and works in Oakland County, Michigan.

8. RSA Design Group, LLC ("RSA") is a Michigan Limited Liability Company whose registered offices and physical location is located in Oakland County, Michigan,

9. The Abu Dhabi National Oil Company ("ADNOC"), upon information and belief, is a corporation formed under the laws of the United Arab Emirates, and is headquartered in Abu Dhabi, but at all times relevant, transacted substantial, systematic and continued business in Michigan.

<u>JURISDICTION AND VENUE</u>

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1330, 1331, 1332(a) and 1367; there is not complete diversity of citizenship between Plaintiffs and Defendants. As stated above and below, for purposes of Diversity Jurisdiction, Plaintiffs and Defendants Robert Szantner and RSA Design Group, LLC are citizens of the United States and of Oakland County, Michigan.  The amount in controversy is in excess of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

11. This Court has personal jurisdiction over the Defendants because they have purposely availed themselves of the benefits of this forum by doing business in this District, by committing wrongful acts in whole or in part within this District, and/or by committing wrongful acts which have had directs effects in this District.  Because these Defendants' wrongful acts alleged herein arise in connection with commercial activity carried on, in whole or in part, in the United States and more specifically, in whole or in part in Oakland County, Michigan, this Court has personal jurisdiction over each Defendant because they

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083
(248) 524-1700

conduct or, at all relevant times to this Complaint, conducted significant business in this District in their own capacity and/or through representatives at their direction and/or through subsidiaries of each of the Defendants.  Moreover, Defendants Qatar Petroleum, Qatar Foundation, Baytur Insaat Taahhut A.S. and the Abu Dhabi National Oil Company come with the express exception of the Foreign Sovereign Immunities Act (FSIA) viz., 28 U.S.C. sec. 1605(a) (2).

12. Further, venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. sec. 1391(b) (3).

<u>GENERAL ALLEGATIONS AS TO QATAR PETROLEUM, QATAR FOUNDATION, BAYTUR INSAAT TAAHHUT A.S., RSA DESIGN GROUP, LLC AND ROBERT SZANTNER.</u>

13. Plaintiff, Yamasaki Associates, Inc. was/is an architectural firm located in the city of Troy, Michigan and its principal business was architectural design and engineering, otherwise known as a design and build company.

14. Plaintiff, Yamasaki International, Inc. was/is the international sister company to Yamasaki Associates, also with its principal place of business located in the city of Troy, Michigan.

15. On or about May 2007, Ted T. Ayoub purchased the majority shares (approximately 69%) of Yamasaki Associates, Inc. and, shortly thereafter, was named the Chairman, Chief Executive Officer and Treasurer of Yamasaki Associates.

16. On or about June 25, 2007, Ted T. Ayoub formed Yamasaki International, Inc., and was the sole and only shareholder of this corporation.

17. Upon information and belief, shortly after Ted T. Ayoub purchased the majority shares of Yamasaki Associates, Inc., Baytur approached Robert Szantner and expressed an

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083
(248) 524-1700

4

interest in purchasing Yamasaki Associates, Inc., and inquired as to why they (Baytur) were not informed that he corporation was "up for sale."   Baytur expressed a strong interest in acquiring Yamasaki Associates, Inc.

18.  On or about May 25, 2006, Qatar Petroleum and the Qatar Foundation engaged the services of Baytur Insaat Taahhut A.S. as the general contractor for oversight of the design and construction of the Qatar Education City Convention Centre ("QECCC") (Exhibit "A, p 1".).

19.  Baytur was to act as an agent/representative for QP and QF during the design and build phase of the project of the convention center which was the subject of the contract attached as Exhibit "A," thereby creating an agency relationship between QP, QF and Baytur. (Exhibit "A," p 1).

20. On or about February 2007 as the QECCC project progressed Baytur insisted upon stationing 20 to 25 of its own full-time employees inside the headquarters/offices of Yamasaki Associates, Inc. located in Troy, Michigan.

21.  Moreover, as the project continued to progressed, about the same time in 2007, Baytur insisted upon having Robert Szantner dedicate the majority of his time to the QECCC project.

22. Ted T. Ayoub the majority shareholder at during this relevant time compiled with the demands of Baytur in order to continue to facilitate the project.

23. The initial projected cost of the project was estimated to be approximately slightly below thirty million dollars ($30,000,000.00 USD).

NORTONT. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

24. Because of a large number variation requests to the originally approved design by the clients of Yamasaki Associates, Inc., QP, QF and Baytur, the cost of the project totaled north of forty seven million dollars ($47,000,000.00 USD).

25. Upon information and belief, Yamasaki Associates, Inc. would invoice Baytur for work completed and expect payment from Baytur. Baytur, after being invoiced by Yamasaki Associates would thereafter invoice QP and expect payment. Once QP paid Baytur, Baytur was to pay Yamasaki Associates.

26. This relationship continued without major issues until 2009.

27. Baytur and QP paid the Yamasaki Associates invoices for approximately one and one half years and then, stopped. Leaving and outstanding balance due and owing to Yamasaki Associates of approximately twenty six million eight hundred fifty thousand three hundred thirty seven dollars 29/100 ($26,850,337.29), not including subsequent damages and losses, interest and other damages allowed by law or international treaties.

28. On or about November 12, 2008 Robert Szantner, while still in the employee of YA, formed RSA Design Group, LLC while still in the employ of Yamasaki Associates, Inc.

29. RSA Design Group, LLC is located in the city of Birmingham, County of Oakland, State of Michigan.

30. About February 2009 Baytur suddenly and without reason, removed all the its employees from the Yamasaki Associates office located in Troy, Michigan.

31. In April 2009, Robert Szantner resigned from Yamasaki Associates, Inc. and, upon information and belief, began working at his newly formed corporation, RSA Design Group, LLC on projects which rightfully belonged to YA or YI.

NORTONT GAPPY P.C
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083
(248) 524-1700

32. Shortly thereafter, QP, QF or Baytur refused to pay any further invoices, as noted above, with respect to the QECCC project and moved the project to RSA Design Group, LLC.

33. RSA Design Group, LLC and Robert Szantner, without the knowledge or permission of Yamasaki Associates, Inc. or Ted T. Ayoub, created a website which exhibited the Yamasaki name, Yamasaki logo and Yamasaki designs, which included, but are not limited to, the QECCC project/convection center during this time period.

34. Upon information and belief, RSA Design Group, LLC and Robert Szantner, in conjunction with QP, QF and Baytur conspired with one another and each other to avoid payment of invoices to Yamasaki Associates, Inc. and helped or plotted to create RSA Design Group, LLC, which, upon information and belief, Baytur has a business interest in RSA Design Group, LLC.

35. Moreover, a number of former Yamasaki employees, upon information and belief, were solicited from Yamasaki to RSA Design in order to continue and facilitate the QECCC project, again, without the knowledge or permission of Yamasaki or Ted T. Ayoub.

36. The conspiracy or concert of action as described above of these Defendants began the downfall of Yamasaki Associates, Inc. and Ted T. Ayoub.

37. RSA Design Group, LLC, Baytur, QP and QF all continue to work on the QECCC project as of the date of this complaint, as the project is not yet fully complete.

38. Further still, upon information and belief, during the time period which Ted T. Ayoub purchased Yamasaki Associates, Inc., it's was incumbent upon the officers of the corporation to disclose and otherwise inform Ted T. Ayoub of any and all accounts of

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

7

Yamasaki Associates, Inc. for the reasons that Mr. Ayoub was the majority shareholder, chairman, chief executive officer and treasurer of the corporation.

39. Upon information and belief, Robert Szantner withheld certain bank accounts from Mr. Ayoub, which may have included but is not limited to, an account with then Citizens Bank (now Bank of America) with an account number ending 8956 and possibly and an additional account with then Citizens Bank with account number ending 3818.

40. Upon information and belief, Robert Szantner during his employ with Yamasaki Associates and after Mr. Ayoub's majority purchase of the company, withheld these accounts from Mr. Ayoub and Szantner may have converted funds from these accounts for his own use and/or personal gain, without the permission or knowledge of Yamasaki Associates or Ted T. Ayoub.

41. Upon information and belief, Szantner was able to write checks from certain Yamasaki Associates accounts and have them signed via a signature stamp of Mr. Ayoub's which was to be in the possession of the company's controller, whose office Szantner had access to during his employ with Yamasaki Associates, Inc.

42. The above describe actions of Qatar Petroleum, Qatar Foundation, Baytur Insaat Taahhut A.S., RSA Design Group, LLC and Robert Szantner amount to a civil conspiracy which began the first step in the process to systematically divest Ted T. Ayoub of his corporate holdings and monies rightfully owed to the Yamasaki Corporation.

43. On or about May 15, 2008 Yamasaki International, Inc. and the Abu Dhabi National Oil Company (ADNOC) entered into an agreement for the design and construction of a new corporate headquarters for ADNOC in Abu Dhabi.

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083
(248) 524-1700

8

44. The May 15, 2008 agreement was a "letter of award" and was to serve as the contract between and defined the relationship between YI and ADNOC until a formal agreement could be drafted.

45. The YI signed the aforementioned formal agreement on November 13, 2008 and ADNOC signed it on January 25, 2009.

46. ADNOC assured YI that there were no changes as to the terms of the formal agreement from the letter of award agreement these parties had signed.

47. Upon information and belief, the formal agreement was signed at the offices of ADNOC and representatives of ADNOC refused to allow YI representatives review the agreement prior to signing it, only assuring YI representatives that there were no deviations in the formal agreement from the letter of award agreement.

48. It would later come to light that ADNOC had in fact made changes in the formal agreement from the letter of award agreement.

49. The project value of the contract was to be eight million seven hundred twenty six thousand one hundred twenty nine dollars ($8,726,129.00 USD).

50. YI moved forward and progressed with the project in accordance its understanding of the terms of the agreement between the parties, despite the fact that the scope of work was unilaterally and significantly changed by ADNOC.

51. YI as it continued to progress the project, learned that ADNOC was unprepared for YI to do its work and continue to move forward the project of completing the new headquarters.

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

52. More specifically, YI learned that ADNOC did not have certain, necessary land ownership to complete certain phases of the project which prevented YI from conducting site investigations and obtaining necessary approvals to be able to produce the necessary drawings.

53. This resulted in delays that were the fault of ADNOC and could not be attributed to YI.

54. Despite YI devoting many hours to the drawings for certain portions of the project and the agreement between these parties, ADNOC decided to other firms to produce new concepts for the project.

55. ADNOC created other problems other than unilaterally expanded the agreed upon scope of work, which included a lack of response to issues YI brought to ADNOC's attention which included but are not limited to, required project change requests, ADNOC continued to change the design plans of the building after having approved the design plans, and other various breaches on the part of ADNOC.

56. By letter date May 14, 2009, ADNOC gave notice to YI that it was terminating its contract with YI citing various alleged failures on the part of YI.  YI accepted the termination, but disputed the rational or alleged reasoning behind its termination by ADNOC.

57. Moreover, ADNOC demanded all the work, drawings, investigations, research, etc., that YI completed be given to the new contractor.

58. YI refused until such time as YI was paid for the work it had completed on the project, YI was to be indemnified and released of any disputes which have or may have arisen between the sub-contractors on the project and return of the one million dollar

NORTONT GAPPY P.C
Attorneys and Counselors
3525 Rochester Road
Troy, Michigan 48083

(248) 524-1700

($1,000,000.00) performance bond YI was forced to have in place to begin the project and other similar conditions.

59.  Nonetheless, YI was forced to turn over its work without payment.

60. ADNOC currently owes YI the sum total of five million two hundred twenty one thousand six hundred seventy four dollars 03/100 ($5,221,674.03 USD), for work performed by YI but never paid for by ADNOC.

61. Upon information and belief, RSA Design Group, LLC and possibly Baytur are currently involved in the project to complete the new ADNOC national headquarters.

62. On or about May 13, 2009, Citizen Bank filed suit in the Oakland County Circuit Court located in Pontiac, Michigan against YA, YI, Ted Ayoub and Robert Szantner to collect on a line of credit that was due and owing to it from YA and personally guaranteed by Ted Ayoub.

63. Because of the above described actions of QP, QF, Baytur, Szantner, RSA, and ADNOC, YA and YI were unable to repay the debts that they owed and incurred during YA's and YI's work on the respective projects.

64. Because of the above described actions of QP, QF, Baytur, Szantner, RSA and ADNOC, YA were also unable to pay various federal, state, local and payroll taxes.

65. Consequently, the assets of YA were liquated at a tax auction in order for certain governmental bodies to try and recoup some of what was not paid as a result of the above described.

66. Robert Szantner was dismissed from the Oakland County Circuit Court matter.

NORTON T. GAPPY P.C
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

67. On May 12, 2010, Judge Martha D. Anderson of the Oakland Circuit Court appointed former Judge Stephen C. Cooper as a receiver in order to try and collect the monies owed to Citizens Bank by YA.

68. The Oakland Circuit case made little to no progress, seemingly, until August 15, 2012.

69. Attached as Exhibit "B" are two orders of the Oakland County Circuit Court whereby, with the help of Robert Szantner, reached a settlement with Citizens, whereby, Citizen received all the money which they were owed along with three other parties, including the appointed received money.

70. The total undisclosed payment was paid by ADNOC as a result of negotiations conducted by Robert Szantner with ADNOC (Exhibit "B").

71. The strangely worded and suspicious attached orders further, oddly, awarded the rights to the names of Yamasaki Associates and Yamasaki International to Robert Szantner and ADNOC was allowed to enter the case with the Oakland Circuit Court not exercising jurisdiction of ADNOC.

72. Upon information and belief, this was the second step of the plan, scheme or conspiracy contrived by Szantner, Baytur, QP, QF and ADNOC to divest Ayoub of the Yamasaki entities.

73. Ayoub was never given any notice, copied on any pleading, copied on an court filing, given notice of any hearing nor was he even provided with the attached orders, it was undersigned counsel that discovered orders while conducting research. The attached orders are written to release ADNOC from all liability, not allow the Yamasaki entities to endeavor

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083
(248) 524-1700

in any collections, and simply handed over the right and title to the names owned by Ayoub to Szantner for undisclosed amounts, and upon information and belief, through the use of "backroom" dealings so that ADNOC could avoid the payment of a debt rightfully owed to YI.

74. Also, and oddly, the attached order also releases ADNOC of any and all liability from any party whatsoever, but, specifically reserves the right of ADNOC to potentially bring a cause of action against either Ted T. Ayoub or Ramez T. Ayoub[1].

75. Upon information and belief, the conduct above described may have amounted to a fraud perpetrated on the Oakland County Circuit Court, and upon Ayoub and the Defendants may have conspired to avoid their payment and fiduciary obligations to YA and YI and divest Ayoub of the Yamasaki entities.

76. Moreover, pursuant to MCL 600.5201, the Michigan statute governing the powers of an appointed receiver, Szantner had no authority to negotiate on behalf of YI, he is not nor was he ever a shareholder of the corporation, and as noted above resigned back in 2009 from YA and, upon information and belief was never an officer of YI.

77. The statute, MCL 600.5201, among other things, requires that one certain persons may negotiate on behalf of a corporate entity, those persons must be a shareholder or an officer of a specific status, Szantner does not qualify under the statute on behalf of YI, nor, in the undersigned interpretation of the statute, on behalf of YA, which makes the so-called negotiations in the attached orders all more suspicious and likely voidable.

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 Rochester Road
Troy, Michigan 48083

(248) 524-1700

---

[1]  In the opinion of the undersigned and upon information and belief, the orders attached as exhibit "B" on their face read, to say the least, unbalanced and are suspicious in nature given the background between the Plaintiffs and Defendants.

78. Upon information and belief, between the years of 2007 through 2009 QP, QF, Baytur, RSA Design, Szantner, and ADNOC worked together and in concert in order to avoid the payment of monies owed to either YA or YI for services fully rendered to each party, and to divest Ayoub of his interest in the YA and YI entities and did so maliciously and purposefully for each Defendant's own gain and own surreptitious purpose.

COUNT I – CONCERT OF ACTION AS TO QATAR PETROLEUM, QATAR FOUNDATION, <u>BAYTUR INSAAT TAAHHUT, RSA DESIGN GROUP, ROBERT SZANTNER AND ADNOC</u>

79. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

80. At all relevant times, all the Defendants engaged in a concerted activities described above by express or implied agreement.

81. Plaintiff, until discovery is completed, may not be able to identify all of the activities of the Defendants due to the generic similarity of such activity as promoted by these Defendants.

82. As a direct and proximate result of Defendants' concerted activities, Plaintiffs have sustained and will continue to sustain severe financial injuries and damages.

83. Due to the concert of action among all of the various Defendants, each is liable to Plaintiffs for injuries and damages even if there was no direct relation to the activity conducted by particular Defendants.

84. Defendants are jointly and severally liable to Plaintiff for all of their injuries and damages.

NORTONT. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083
(248) 524-1700

<u>COUNT II – BREACH OF FIDUCIARY DUTY AS TO ROBERT SZANTNER</u>

85. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

86. At all times relevant, Defendant, Szantner, was an officer and a shareholder of Plaintiffs YA and in that capacity had a fiduciary relationship with these Plaintiffs, but was never a shareholder of YI.

87. The above described actions of Szantner and RSA Design amounted to a breach of his fiduciary duty to YA, YI and Ayoub.

88. The above described actions of these Defendants, namely, concealing the fact, upon information and belief, he and the other Defendants contrived a plan in order to help QP, QF and Baytur and ADNOC not pay invoices due and owing to YA, and then opening a competing firm during Szantner's time with YA and converting these former clients of YA and YI to his firm, amounts to a breach of his fiduciary duty to YA, YI and Ayoub.

89. If it were not for the action of Szantner, YA could have continued to perform the contract with QP, QF and Baytur, or, minimally received payment for the work completed by YA on the QECCC project.

90. By virtue of his conduce described above, Defendant Szantner acted in his own self-interest, or against the interests of YA and YI which was in conflict with the interests of Plaintiffs, his then employer.

91. Szantner's conduct constitutes a breach of his fiduciary duty to Plaintiffs.

92. In converting the contract with QP and QF and Baytur, Szantner wrongfully used Plaintiffs' corporate assets.

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 Rochester Road
Troy, Michigan 48083

(248) 524-1700

93. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages, including lost profits, consequential damages and other damages allowed under Michigan and Federal law.

<u>COUNT III – CIVIL CONSPIRACY AS TO ALL DEFENDANTS</u>

94. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

95. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent and for the illegal purpose of avoiding paying monies rightfully earned by either YA or YI, and further conspired to illegally, maliciously and wrongfully divest Ayoub of the rights to the YA and YI entities for their own purposes.

96. Defendants, in combination, conspired to the ends as stated in paragraph number 96.

97. As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiffs have sustained and will continue to sustain significant financial damages, in addition to damage to their reputations.

98. Defendants are jointly and severally liable to Plaintiffs as stated in the following requested relief.

COUNT IV – FRAUDULENT MISREPRESENTATION AS TO
<u>QATAR PETROLEUM, QATAR FOUNDATION, BAYTUR INSAAT</u>

99. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

NORTONT. GAPPY P.C.
Attorneysand Counselors
3525 ROCHESTERROAD
TROY, MICHIGAN 48083

(248) 524-1700

100.   Upon information and belief, these Defendants intentionally made false representations of material facts to Plaintiff regarding the contract between the Parties as noted above.

101.  During the relevant time period above-referenced, Defendants represented to Plaintiff that payments under the contract would be remitted, Defendants have refused to remit payment even though Plaintiff honored its end of the bargain fully and completely.

102. The above described representations were false, and were representations made for the purpose of inducing the Plaintiff to its detrimental reliance.

103. As a result of the above-stated intentional representations by Defendant, Plaintiff has suffered substantial damages and will continue to suffer damages into the future both financial in nature and to their reputation.

104. Upon information and belief, these Defendants intentionally made false representations of material facts to Plaintiff regarding the status of the contract, the quality of service and promise of payment, as set forth in the preceding paragraphs.

105. Upon information and belief, Defendants' representations may have been false when they were made.

106. Upon information and belief, Defendants' knew or should have known that their representations were false when they were made or it made them recklessly for purposes of inducing Plaintiffs to their detrimental reliance.

107. Upon information and belief, Defendants intended that Plaintiff rely on the representations.

108. Plaintiffs relied on Defendants' false representations in doing and completing work for these Defendants.

109. As a result of Defendants' fraudulent misrepresentations, Plaintiff has suffered substantial economic losses and will continue to suffer substantial economic losses.

NORTONT. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

17

<u>COUNT V – FRAUDULENT MISREPRESENTATION AS TO ADNOC</u>

110. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

111. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

112. Upon information and belief, these Defendants intentionally made false representations of material facts to Plaintiff regarding the contract between the Parties as noted above.

113. During the relevant time period above-referenced, Defendants represented to Plaintiff that payments under the contract would be remitted, Defendants have refused to remit payment even though Plaintiff honored its end of the bargain fully and completely.

114. The above described representations were false, and were representations made for the purpose of inducing the Plaintiff to its detrimental reliance.

115. As a result of the above-stated intentional representations by Defendant, Plaintiff has suffered substantial damages and will continue to suffer damages into the future both financial in nature and to their reputation.

116. Upon information and belief, this Defendant intentionally made false representations of material facts to Plaintiff regarding the status of the contract, the quality of service and promise of payment, as set forth in the preceding paragraphs.

117. Upon information and belief, Defendant's representations may have been false when they were made.

118. Upon information and belief, Defendant knew or should have known that their representations were false when they were made or it made them recklessly for purposes of inducing Plaintiffs to their detrimental reliance.

18

NORTONT GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

119. Upon information and belief, Defendant intended that Plaintiff rely on the representations.

120. Plaintiffs relied on Defendant's false representations in doing and completing work for these Defendants.

121. As a result of this Defendants fraudulent misrepresentations Plaintiff has suffered substantial economic losses and will continue to suffer substantial economic losses.

### COUNT VI – INNOCENT OR NEGLIGENT MISREPRESENTATION AS TO QATAR PETROLEUM, QATAR FOUNDATION, BAYTUR INSAAT

122. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

123. These Defendants representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiff and Defendant.

124. Plaintiff would not have entered into the contract had it known that these Defendants would attempt to breach and refuse payment for services rendered.

125. Plaintiff has suffered substantial economic losses as a result of entering into the contract, and will continue to suffer substantial economic losses, and Plaintiffs' losses benefited Defendants.

### COUNT VII – INNOCENT OR NEGLIGENT MISREPRESENTATION AS TO THE ABU DHABI NATIONAL OIL COMPANY (ADNOC)

126. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

127. These Defendants representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiff and Defendant.

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

128.  Plaintiff would not have entered into the contract had it known that these Defendants would attempt to breach and refuse payment for services rendered.

129.  Plaintiff has suffered substantial economic losses as a result of entering into the contract, and will continue to suffer substantial economic losses, and Plaintiffs' losses benefited Defendants.

<u>COUNT VIII – PUNITIVE AND/OR EXEMPLARY DAMAGES AS TO ALL DEFENDANTS</u>

130.  Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

131.  The above described actions of the Defendants and their representations were made intentionally and maliciously and have caused Plaintiff to suffer humiliation, outrage, and indignation.

COUNT IX – TORTIOUS INTERFERENCE WITH A CONTRACT OR<br>
ADVANTAGEOUS BUSINESS RELATIONSHIP OR EXPECTANCY AS TO<br>
<u>BAYTUR, SZANTNER AND RSA DESIGN.</u>

132.  Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

133.  The allegations as set forth above amount to tortious interference with a contract of advantageous business relationship or expectancy as to these parties.

134.  The QECCC project, upon information and belief, continues to this day with these Defendants working on the project and, upon information and belief, collecting money for work being done.

135.  The QECCC contract was a contract of YA, and said contract or project was converted by these Defendants for their own purposes and benefit without the permission of YA.

NORTONT. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

136. As a direct and proximate result of these Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

COUNT X – BREACH OF CONTRACT AS TO<br>QATAR PETROLEUM AND QATAR FOUNDATION

137. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

138. The conduct of these Defendants as described in this Complaint, constituted a breach of contract between the Parties, for which Defendants are liable to Plaintiff in contract;

139. Plaintiff has been damaged, as a result of Defendants' breach Plaintiff has suffered a substantial economic loss and continues to suffer substantial economic losses.

140. Plaintiffs performed as required, and fully completely and are entitled to payment pursuant to the contractual relationship.

141. In reliance on promise of payment, and to Plaintiff's substantial detriment, Plaintiff's performed its obligations completely and fully and Defendants have refused and refuse to remit payment.

COUNT XI – UNJUST ENRICHMENT/QUANTUM MERIT<br>AS TO QATAR PETROLEUM AND QATAR FOUNDATION

142. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

143. To the extent not covered by express contract, the conduct of Defendants, and Plaintiff, give rise to a right of recovery by Plaintiff from Defendants under the legal

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

doctrine(s) referred to as unjust enrichment, quantum meruit, contract implied-in-law, or restitution.

### COUNT XII – BREACH OF CONTRACT AS TO ADNOC

144. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

145. The conduct of this Defendant as described in this Complaint, constituted a breach of contract between the Parties, for which Defendant is liable to Plaintiff in contract;

146. Plaintiff has been damaged, as a result of Defendant's breach Plaintiff has suffered a substantial economic loss and continues to suffer substantial economic losses.

147. Plaintiffs performed as required, and fully completely and are entitled to payment pursuant to the contractual relationship.

148. In reliance on promise of payment, and to Plaintiff's substantial detriment, Plaintiff's performed its obligations completely and fully and Defendants have refused and refuse to remit payment.

### COUNT XIII – UNJUST ENRICHMENT/QUANTUM MERIT AS TO THE ABU DHABI NATIONAL OIL COMPANY (ADNOC)

149. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

150. To the extent not covered by express contract, the conduct of this Defendant, and Plaintiff, give rise to a right of recovery by Plaintiff from this Defendant under the legal doctrine(s) referred to as unjust enrichment, quantum meruit, contract implied-in-law, or restitution.

### COUNT XIV – BREACH OF CONTRACT AS TO BAYTUR

151. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

NORTONT. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

152. The conduct of this Defendant as described in this Complaint, constituted a breach of contract between the Parties, for which Defendant is liable to Plaintiff in contract;

153. Plaintiff has been damaged, as a result of Defendant's breach Plaintiff has suffered a substantial economic loss and continues to suffer substantial economic losses.

154. Plaintiffs performed as required, and fully completely and are entitled to payment pursuant to the contractual relationship.

155. In reliance on promise of payment, and to Plaintiff's substantial detriment, Plaintiff's performed its obligations completely and fully and Defendants have refused and refuse to remit payment.

**COUNT XV – UNJUST ENRICHMENT/QUANTUM MERIT**
**AS TO BAYTUR**

156. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

157. To the extent not covered by express contract, the conduct of this Defendant, and Plaintiff, give rise to a right of recovery by Plaintiff from this Defendant under the legal doctrine(s) referred to as unjust enrichment, quantum meruit, contract implied-in-law, or restitution.

**COUNT XVI – BREACH OF EMPLOYMENT CONTRACT**
**AS TO ROBERT SZANTNZER**

158. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

159. The conduct of this Defendant as described in this Complaint, constituted a breach of contract between the Parties, for which Defendant is liable to Plaintiff in contract;

160. Plaintiff has been damaged, as a result of Defendant's breach Plaintiff has suffered a substantial economic loss and continues to suffer substantial economic losses.

NORTONT.GAPPY P.C
Attorneysand Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

161. Plaintiffs performed as required, and fully completely and are entitled to payment pursuant to the contractual relationship.

162. In reliance on promise of payment, and to Plaintiff's substantial detriment, Plaintiff's performed its obligations completely and fully and Defendants have refused and refuse to remit payment.

### COUNT XVII – UNJUST ENRICHMENT/QUANTUM MERIT AS TO ROBERT SZANTNZER

163. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

164. To the extent not covered by express contract, the conduct of this Defendant, and Plaintiff, give rise to a right of recovery by Plaintiff from this Defendant under the legal doctrine(s) referred to as unjust enrichment, quantum meruit, contract implied-in-law, or restitution.

### COUNT XVIII – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AS TO SZANTNER, BAYTUR AND RSA DESIGN

165. Plaintiffs re-allege and incorporate by reference each and every paragraph and allegation set forth above as though each is fully restated herein.

166. The actions of these Defendants as it relates to the contractual relationship of these Defendants amounts to a breach of each Defendants' duty to deal in good faith and fairly.

167. As a direct and proximate result of the actions of these Defendants and their breach of their duty to deal fairly and in good faith with Plaintiffs, Plaintiffs have suffered and will continue to suffer substantial economic losses, loss of business reputation and loss of future profits.

NORTONT GAPPY P.C
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

24

<u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiffs pray that this Honorable Court ORDERS and ENTERS a JUDGMENT as follows: (1) remove and exercise jurisdiction over the Oakland County Case No. 2009-100783-CK; (2) ENTER JUDGMENT against QP, QF and Baytur in the amount of $26,850,337.93, jointly and severally; (3) ENTER JUDGMENT against ADNOC in the amount of $5,221,647.03; (4) ENTER JUDGMENT against ADNOC in the sum of $1,000,000.00  in refund of the performance bond issued for the project which was never returned or released; (5) ENTER JUDGMENT against all parties, jointly and severally, in the sum of $1,243,512.10 to cover unpaid federal, state, local and payroll taxes which were unpaid by YA and YI as a result of these Defendants concerted actions; (6) enter judgment against RSA Design and Robert Szantner in an amount sufficient to compensate Plaintiff's for its  and his breach of Szantner fiduciary to YA and YI and for lost profits and consequential damages and for infringement as to the use of YA and YI names; (7) ENTER JUDGMENT against Baytur in a sufficient amount to compensate Plaintiff's for its tortious interference with YA's and YI's business contracts and relationships and for consequential damages that may have occurred as a result thereof; (8) ENTER JUDGMENT re-assigning the YA and YI entities back to Ayoub; (9) ENTER JUDGMENT, jointly and severally, in sum of $3,023,151.26 in repayment of a promissory note which was defaulted on by YA as a result of the concerted actions of these Defendants; (10) enter an award of punitive and/or exemplary damages against these Defendants, jointly and severally, in a sufficient amount to compensate Plaintiffs for the actions alleged above; (11) GRANT all of favor relief to Plaintiffs this Court may deem appropriate and in accordance or allowed by law or international treaties; and (12) AWARD Plaintiffs attorneys' fees, cost, interest and all other damages incurred by Plaintiff by virtue of having to bring this action as a result of the wrongful conduct of these Defendants'.

NORTONT GAPPY P.C
Attorneys and Counselors
3525 Rochester Road
Troy, Michigan 48083

(248) 524-1700

Respectfully Submitted,

NORTON T. GAPPY, P.C.

__/s/ Norton T. Gappy_____
Norton T. Gappy (P64571)
3525 Rochester Road
Troy, Michigan 48083
(248) 524-1700
October 30, 2012                    ngappy@gmail.com

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED T. AYOUB, an individual,
YAMASAKI ASSOCIATES, INC.,                        Case No.
a Michigan Corporation, and
YAMASAKI INTERNATIONAL, INC.,                     Honorable
a Michigan Corporation,

      Plaintiffs,

v

                                        <u>JURY DEMAND</u>

QATAR PETROLEUM,
a Qatari Corporation, and
QATAR FOUNDATION, a Qatari Corporation,
and BAYTUR INSAAT TAAHHUT A.S.,
a Turkish Corporation, ROBERT SZANTNER, an individual,
RSA DESIGN GROUP, LLC, a Michigan Limited Liability Company,
the ABU DHABI NATIONAL OIL COMPANY,  a corporation of the
United Arab Emirates.

      Defendants,

      Jointly and Severally.

_____/

NORTON T. GAPPY, P.C.
Norton T. Gappy (P64571)
Attorneys for Plaintiffs
3525 Rochester Road
Troy, Michigan 48083
(248) 524-1700
ngappy@gmail.com

_____/

<u>JURY DEMAND</u>

    Plaintiffs herein demand a trial by jury as to all matters, issues, or claims so triable in

this case.

NORTON T. GAPPY P.C.<br>Attorneys and Counselors<br>3525 ROCHESTER ROAD<br>TROY, MICHIGAN 48083<br>(248) 524-1700

Respectfully Submitted,

NORTON T. GAPPY, P.C.

__/s/ Norton T. Gappy____
Norton T. Gappy (P64571)
3525 Rochester Road
Troy, Michigan 48083
(248) 524-1700
ngappy@gmail.com

October 30, 2012

NORTON T. GAPPY P.C.
Attorneys and Counselors
3525 ROCHESTER ROAD
TROY, MICHIGAN 48083

(248) 524-1700